FILED - USDC -NH
2026 SEP 18 AM11:14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

TYLER HARDING,
Plaintiff,

v.

CITY OF MANCHESTER, NEW HAMPSHIRE; and OFFICER DEVIN LAMBERT (Badge #214), Individually,
Defendants.

CIVIL ACTION NO. 1:26-cv-_____

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tyler Harding, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and New Hampshire law, alleging deprivations of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. In support thereof, Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 to redress the deprivation under color of state law of rights, privileges, and immunities secured by the Constitution and laws of the United States.
2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).
3. Supplemental jurisdiction over Plaintiff's related state law claims is exercised pursuant to 28 U.S.C. § 1367(a).
4. Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1391(b) because all relevant events occurred within this judicial district and Defendants reside within this district.

## II. PARTIES

5. Plaintiff Tyler Harding is an adult natural person and resident of Manchester, Hillsborough County, New Hampshire.
6. Defendant City of Manchester is a municipal entity organized under the laws of the State of New Hampshire, operating and maintaining the Manchester Police Department ("MPD").
7. Defendant Officer Devin Lambert (Badge #214) was at all material times a police officer employed by the MPD, acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

## III. STATEMENT OF FACTS

8. On January 24, 2026, at approximately 1:21 AM, Plaintiff was riding as a passenger in a 2014 Honda CR-V that was subjected to a motor vehicle stop by MPD Officer Terrero (Badge #228) near the intersection of Amherst Street and Chestnut Street in Manchester, New Hampshire (Citation DS No. 461648 / MPD Case No. 26-001131).
9. Officer Terrero acted as the primary investigating officer responsible for executing the core mission of the traffic stop regarding the driver.

   a. BWC audio captured officers on scene explicitly stating that the driver had cut them off and nearly hit their vehicle, and the driver further admitted to officers that she was returning from a bar; despite these direct indicators of potential impairment and significant driving hazards, officers completely abandoned investigating the driver's sobriety or conducting field sobriety tests to instead focus their efforts on badgering Plaintiff for identification.
10. Defendant Officer Devin Lambert arrived at the scene shortly thereafter solely as a secondary/backup officer, possessing no independent law enforcement objective or assigned task related to the driver's alleged traffic infraction.
11. At no time during the encounter was Plaintiff driving the vehicle, suspected of committing any traffic infraction, or observed committing any criminal offense.
12. Under New Hampshire law (RSA 265:4), the statutory obligation to present identification upon command applies strictly to the driver or person in control of a motor vehicle. At no point does New Hampshire law require a passenger in a lawfully stopped vehicle to produce physical identification or state their identity absent independent reasonable, articulable suspicion of criminal activity.
13. Defendant Lambert approached Plaintiff and demanded that Plaintiff produce physical identification.
14. Plaintiff exercised his constitutionally protected right to decline Officer Lambert's demand for identification, informing the officer that as a passenger not suspected of any crime, he was under no legal obligation to identify himself.
15. Rather than accepting Plaintiff's lawful refusal, Defendant Lambert refused to take "no" for an answer and issued repeated, compulsory demands for identification approximately 10 times, attempting to coerce compliance under color of authority.
16. At all times during the encounter, Plaintiff remained calm, seated, compliant, with hands visible, and posed no threat to officer safety. Primary Officer Terrero was managing the scene without incident, and Defendant Lambert never articulated an objective safety rationale on scene.
17. Instead of assisting with scene security or the primary traffic mission, Defendant Lambert initiated an off-mission detour that created a roadside disturbance, unnecessary escalation, and unwarranted delay. Acquiring a non-threatening passenger's identity served no legitimate law enforcement purpose or officer safety objective.
18. In direct response to Plaintiff's assertion of constitutional rights, Defendant Lambert unlawfully escalated the detention by engaging in the following conduct:

a. Explicitly admitting on body-worn camera ("BWC") to unlawfully extending the roadside detention as a direct penalty for Plaintiff asserting his constitutional rights;

b. Intercepting, distracting, and delaying Officer Terrero's processing of the driver's traffic stop mission solely to argue with, badger, and demand identification from Plaintiff;

c. Making derogatory and unprofessional remarks about Plaintiff to other officers on scene, specifically referring to Plaintiff as "weird" and an "asshole";

d. Fabricating pretextual safety assertions, specifically making false claims that Plaintiff had his hands in his pockets;

e. Invoking his "training and experience" to groundlessly speculate that Plaintiff's assertion of constitutional rights implied the existence of an outstanding warrant; and

f. Requesting permission from Officer Terrero to physically extract Plaintiff from the vehicle, specifically asking if he could "take [Plaintiff] out."

g. Explicitly acknowledging on BWC footage statements made by Officer Duquette confirming that Plaintiff, as a passenger, was under no legal obligation to provide identification, yet choosing to willfully disregard that legal standard to continue coercing compliance.

19. BWC audio and video captured Defendant Lambert making explicit admissions confirming that the overall vehicle detention was being prolonged due to Plaintiff's refusal to provide identification.

20. Defendant Lambert further escalated his unlawful retaliatory conduct through the following actions:

a. Unlawfully extending the roadside seizure to photograph Plaintiff without consent;

b. Broadcasting Plaintiff's photograph department-wide to the entire Manchester Police Department;

c. Retroactively attaching Plaintiff's personal identification details to the broadcasted photograph after confirming Plaintiff had no outstanding warrants, effectively treating Plaintiff as a flagged suspect; and

d. Accessing Plaintiff's confidential personal records through law enforcement databases without a legitimate law enforcement purpose.

21. On January 30, 2026, Plaintiff submitted a formal Right-to-Know request under N.H. RSA 91-A to obtain public records and BWC footage related to the traffic stop, which was initially denied and improperly withheld by the City.

22. To compel disclosure of the withheld footage and records, Plaintiff was forced to initiate enforcement proceedings in the Hillsborough County Superior Court (Northern District, Case #216-2026-CV-00333), requiring 3 separate court hearings over six months.

23. On August 17, 2026, disclosures containing official BWC video, cruiser audio, and internal communications were released to Plaintiff pursuant to judicial proceedings, revealing Defendant Lambert's explicit admissions and unauthorized image distribution.

24. On August 27, 2026, administrative misconduct filings stemming from the incident were addressed by the Police Standards and Training Council Conduct Review Committee (CRC 2026-017).

## IV. CAUSES OF ACTION

### COUNT I: 42 U.S.C. § 1983 – Fourth Amendment Violation (Unlawful Prolonged Detention)

*(Against Defendant Lambert)*

25. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.
26. Under the Fourth Amendment, a traffic stop must remain reasonable in duration and scope, and an officer may not extend a stop beyond the time required to complete the initial traffic mission without independent reasonable suspicion (*Rodriguez v. United States*, 575 U.S. 348 (2015)).
27. As a secondary backup officer with no duty tied to the traffic infraction, Defendant Lambert intentionally prolonged the detention of the vehicle and distracted primary Officer Terrero from completing the driver's traffic mission solely to coerce identification from Plaintiff after Plaintiff exercised his right to decline.
28. Defendant Lambert's refusal to accept Plaintiff's lawful decline, combined with repeated compulsory demands and off-mission delay without independent reasonable suspicion or objective safety grounds, transformed a permissible request into an unconstitutional seizure under clearly established Supreme Court precedent.
29. As a direct and proximate result of Defendant Lambert's unconstitutional conduct, Plaintiff suffered physical restraint, deprivation of liberty, emotional distress, and violation of his constitutional rights.

### COUNT II: 42 U.S.C. § 1983 – First Amendment Retaliation

*(Against Defendant Lambert)*

30. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.
31. Plaintiff engaged in constitutionally protected speech and conduct under the First Amendment by peacefully asserting his right to decline an unlawful identification demand and questioning the officer's authority.
32. Defendant Lambert took severe adverse actions against Plaintiff—including retaliatory detention, false allegations of safety hazards, non-consensual photography, department-wide broadcast of Plaintiff's image, and unauthorized database lookups—that would deter a person of ordinary firmness from exercising First Amendment rights.
33. Defendant Lambert's adverse actions were directly motivated by Plaintiff's protected speech and refusal to comply with an unauthorized demand.

**COUNT III: 42 U.S.C. § 1983 – Fourteenth Amendment Violation (Arbitrary Government Conduct & Privacy)**

*(Against Defendant Lambert)*

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

35. Defendant Lambert violated Plaintiff's constitutional rights under the Fourteenth Amendment by arbitrarily photographing Plaintiff without statutory authority or consent, distributing Plaintiff's image department-wide without a legitimate law enforcement necessity, and accessing confidential law enforcement database records for retaliatory purposes.

36. Defendant Lambert's actions constituted an arbitrary exercise of governmental power untethered to any legitimate state interest, directly violating Plaintiff's protected liberty and privacy interests.

**COUNT IV: 42 U.S.C. § 1983 – Municipal Liability (*Monell* Claim)**

*(Against Defendant City of Manchester)*

37. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

38. Defendant City of Manchester, through the MPD, failed to adequately train, supervise, and discipline its police officers regarding Fourth Amendment limits on passenger identification demands, pretextual officer-safety claims, secondary officer duties, and traffic stop durations.

39. The City of Manchester permitted a widespread custom or practice within the MPD of coercing passenger identification during routine motor vehicle stops and utilizing internal broadcast tools to distribute unauthorized photographs of non-consenting citizens.

40. The City of Manchester further maintained a custom or practice of improperly withholding body-worn camera footage and public records related to officer misconduct, frustrating constitutional oversight and attempting to conceal deprivations of civil rights.

41. The City of Manchester explicitly ratified Defendant Lambert's unconstitutional conduct when the MPD conducted an internal review of the body-worn camera footage, acknowledged Officer Lambert's explicit admissions on scene, and formally concluded that his actions constituted "no wrongdoing." By approving and sanctioning these actions as consistent with department standards, the City established an official policy or custom condoning the unconstitutional extension of traffic stops and the weaponization of internal databases against non-suspect citizens.

42. The City's official policies, customs, failures to train, and explicit ratifications were the moving force behind the constitutional deprivations suffered by Plaintiff.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the actions of Defendants violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution;

B. Award compensatory damages against Defendants, jointly and severally, in an amount to be determined at trial;

C. Award punitive damages against Defendant Officer Devin Lambert in his individual capacity;

D. Award Plaintiff costs and reasonable litigation expenses pursuant to 42 U.S.C. § 1988; and E. Grant such other and further relief as this Court deems just and proper.

**VI. JURY DEMAND**

Plaintiff demands a trial by jury on all counts and issues so triable.

Respectfully submitted,

Date: 9/18/26

Tyler Harding

Tyler Harding, *Pro Se*

Manchester, NH

297 Central st, Apt 3

Manchester, NH, 03103